**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAQUAN T. WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01195-AGF |
| | ) | |
| LISA M. YAMM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of self-represented Plaintiff Jaquan T. Whitfield to proceed in district court without prepaying fees or costs. ECF No. 3. Because Plaintiff's application does not comply with the Local Rules of this Court or the federal statute under which it may be granted, the Court will direct Plaintiff to file a new, complete application or pay the full filing fee. The Court warns Plaintiff that his failure to comply with this Order will result in dismissal of this action.

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if a plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Proceeding without prepayment, or *in forma pauperis* status, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

Further, under the Local Rules of this Court: "An application to proceed in forma pauperis

shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court." E.D. Mo. L.R. 2.05(A). Additionally, the federal statute governing *in forma pauperis* actions, 28 U.S.C. § 1915, requires the applicant to submit "an affidavit that includes a statement of all assets such [plaintiff] possesses." 28 U.S.C. § 1915(a)(1).

In this case, the Court cannot assess whether Plaintiff should be granted *in forma pauperis* status because he has not provided any financial information in his application. Plaintiff left the entire application form blank except for stating that he is being incarcerated at the Southeast Correctional Center and attaching a handwritten statement indicating that he "tried to obtain [a] certified account statement sheet. . . with no success," and that he "did everything possible to obtain it." ECF No. 3 at 3. Although the Court might excuse the failure to provide a certified account statement, it requires, at a minimum, complete answers to the form questions pertaining to gross pay or wages, amount of money existing in cash or accounts, monthly expenses, and owned assets, all of which Plaintiff failed to provide. *Id.* at 1-2. Without any income or asset information, the Court cannot determine whether Plaintiff should be granted *in forma pauperis* status. Plaintiff must either provide the required financial information on a complete application to proceed in district court without prepaying fees or costs, or pay the full filing fee in order for this case to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to send Plaintiff a blank "Application to Proceed in District Court without Prepaying Fees or Costs" form.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the full filing fee or submit the completed Application in accordance with the instructions set forth herein, within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice from the Court.**

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of October, 2026.