**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAQUAN T. WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01195-AGF |
| | ) | |
| LISA M. YAMM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Jaquan T. Whitfield brings this civil action for alleged violations of his constitutional rights against Assistant United States Attorneys ("AUSA") Lisa M. Yemm and Matthew A. Martin in their individual capacities. ECF No. 1. The matter is now before the Court on Plaintiff's amended motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 5. Having reviewed the amended motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-

pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## **BACKGROUND**

In this case, Plaintiff claims that federal prosecutors Yemm and Martin violated Plaintiff's civil rights when they filed charges against him for conduct previously covered by a plea agreement in an earlier criminal case and, therefore, in breach of that plea agreement. Plaintiff asserts that he was "[a]rrested June 7-9 on the charges covered in a plea agreement

while in the St. Louis Detention Center." ECF No. 1 at 5. He seeks relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] arguing that AUSAs Yemm and Martin violated his Fourth, Fifth, and Fourteenth Amendment rights to be free from malicious prosecution, abuse of process, and false imprisonment. For relief, he seeks $1,000 "for each day that [he] was incarcerated on for the charges covered in the plea agreement." *Id.*

Plaintiff attaches to his complaint a motion to dismiss the indictment that he filed through counsel in the criminal case at issue, *United States v. Whitfield*, No. 1:21-CR-67-5 MTS/ACL (E.D. Mo. filed June 1, 2021).[2] *See* ECF No. 1-1. Plaintiff also attaches Magistrate Judge Abbie Crites-Leoni's report and recommendation ("R&R") in that criminal case, which recommended that the motion to dismiss be granted. *Id.* According to an independent review of Court records, following Judge Crites-Leoni's R&R, AUSAs Yemm and Martin, on behalf of the United States, moved to dismiss the indictment at issue, stating:

> While the United States proceeded in the indictment, superseding indictment and prosecution of Defendant Whitfield based on its good faith understanding of the previous plea agreement as set out fully in its Response in Opposition to Defendant's Motion to Dismiss . . . , in an abundance of caution and in deference to Judge Crites-Leoni's finding that the non-prosecution agree applies here, the United States is voluntarily dismissing the superseding indictment as to Defendant Whitfield.

Crim. ECF No. 352. The Court granted the United States' motion and dismissed the indictment. Crim. ECF No. 353.

---

1 While far more limited, in the settings where *Bivens* does apply, "the implied cause of action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Iqbal*, 556 U.S. at 675–76.

2 References to filings in this criminal case are designated hereinafter as "Crim. ECF No. ___"

**DISCUSSION**

After careful review and liberal construction of the allegations of the pleadings, this case will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). As an initial matter, it is not clear that this case is the type for which a *Bivens* remedy is available. *See, e.g.*, *Farah v. Weyker*, 926 F.3d 492, 497-98 (8th Cir. 2019) ("On only three occasions has the Supreme Court implied a cause of action under *Bivens*. Since then, the Court has become far more cautious and has, in fact, consistently refused to extend *Bivens* to any new context or new category of defendants for almost forty years.") (cleaned up and internal citations omitted).

But even if a cause of action could be implied under *Bivens* here, Plaintiff's claims against Yemm and Martin fail on the basis of prosecutorial immunity. Plaintiff seeks damages from Yemm and Martin for wrongs they allegedly committed while initiating and pursuing a criminal prosecution, and otherwise acting as an advocate for the United States during those proceedings. Absolute immunity protects Yemm and Martin from such claims. *E.g., Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Rodriguez v. Lewis*, 427 F. App'x 352, 353 (5th Cir. 2011) (per curiam) (holding that an AUSA was entitled to absolute immunity from a *Bivens* claim despite the plaintiff's allegation that the AUSA knowingly breached a plea agreement during a sentencing hearing). This is true even if Yemm and Martin are alleged to have acted with an improper motive. *See Imbler*, 424 U.S. at

427-28 (there is no fraud exception to prosecutorial immunity).

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's amended motion for leave to proceed *in forma pauperis* [ECF No. 5] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff's original motion for leave to proceed *in forma pauperis* [ECF No. 3] is **DISMISSED as moot**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2026.